HELEN E. KORSAK *vs.* UNION WADDING COMPANY.

JULY 9, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an employee's petition for review filed on October 10, 1961 under the workmen's compensation act. The cause is before us on her appeal from a decree of the commission denying and dismissing the petition.

The petitioner was an employee of respondent and in the course of her work received an injury to her back on November 21, 1960. Total compensation at the rate of $35.52 a week was paid to her from November 23, 1960 to January 23, 1961 by decree entered on February 2, 1961.

On January 23, 1961 petitioner returned to work but worked only that day. On January 24 she consulted her physician and did not return to work. Later she worked elsewhere for short periods and was working when she testified on October 30, 1961.

Following the entry of the decree on February 2, 1961 in her original petition for compensation, she filed a petition for review wherein the trial commissioner found that she could do her regular work with the co-operation of the employer but that he did not "mean" that she had completely recovered from the effects of her injury. On appeal the full commission entered a decree on September 11, 1961 denying and dismissing the petition for the reason that petitioner had failed to prove by a fair preponderance of the testimony that her incapacity for work had returned. Thereafter petitioner attempted to resume work with respondent to see if she could do her regular job but was told her place had been filled.

In the instant petition for review petitioner contends that she was partially incapacitated, that her weekly wages were less than those shown in a decree attached to her petition, and that her employer refused to provide for necessary medical services. The petitioner also moved that the respondent be adjudged in contempt for failure to pay certain medical bills as ordered in the decree entered on February 2, 1961.

At the hearing on the instant petition the single commissioner found in denying the petition that petitioner had failed to prove that she had had any return of incapacity as a result of the injury of November 21, 1960 and also that respondent was not in contempt for failure to pay cer-

tain medical charges. The full commission affirmed the decree of the trial commissioner.

The present petition seeks a review of the decree entered February 2, 1961 rather than a subsequent decree which was the last unappealed decree entered September 11, 1961. This last decree is the one to which petitioner should have directed her petition for review. In *Ottone* v. *Franklin Process Co.*, 76 R. I. 431, at page 437, we said: "We are of the opinion that the last unappealed order or decree which has been entered after a hearing on a petition for review of any prior agreement, order or decree fixing compensation is, in reality, regardless of its form or contents, a new fixing of compensation to which any petition for review thereafter filed should be directed."

The decree of September 11, 1961 contained a single finding of fact: "The petitioner has failed to prove by a fair preponderance of the testimony that her incapacity for work has returned in whole or in part on account of the injury she sustained on November 21, 1960 as set out in the decree dated February 2, 1961." The condition of petitioner on September 11 as determined by the full commission was that her incapacity had not returned.

Following the filing of the present petition petitioner testified before the single commissioner on October 30, 1961 as follows: "Q. Mrs. Korsak, are you ready to go back to work doing the same type of work you were injured on in November of '59? A. Yes, I would. Q. If they give you a job today, you'd go back? A. Yes, but I want to be protected in some way so they wouldn't let me go."

On our view of the record there is some evidence to support the commission's decree; therefore we cannot disturb it. In such circumstances the decree is by force of the statute final regardless of our opinion of the weight of the evidence on the point at issue.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.